*E. L. Smith,* attorney for appellant.

*Wm. B. Mills,* attorney for appellee.

———————◄●►———————

## GRAMPIAN LODE CASE.

Sect. 2324, R. S., must be construed in connection with Sec. 2325. Cotenants, who are alleged to be delinquent, even when they are not so in fact, must protect their rights as adverse claimants.

DEPARTMENT OF THE INTERIOR,
WASHINGTON, Aug. 4, 1882.

*The Commissioner of the General Land Office:*

SIR—I have considered the appeal of the Grampian Silver Mining Company (Mineral entry No. 748, Salt Lake City, Utah), from your decision of July 25, 1882.

It appears that this claim, embracing 1,400 linear feet, was located August 15, 1871, by one O'Neil and nine others, and that on July 7, 1875, the possessory title thereto had vested as follows, viz.:  William Plunkett, Matt. Welsh, Barney Mullen, John Kennedy, John Hawkes and J. C. Lynch, 100 feet each ; Samuel Hawkes, 200 feet; and James Ryan, 600 feet; and that upon the day last named Samuel Hawkes addressed a notice, under oath, to Plunkett, Welsh, Mullen and Kennedy (which notice was recorded January 10, 1876, in the county in which the claim is situated) setting forth that he had performed assessment work on the Grampian ledge, and that unless the delinquent owners paid their proportion of the expense within the time prescribed by law, their interest in the mine would be forfeited, and become the property of the co-owners.

On August 18, 1879 (John Hawkes having conveyed his interest to Samuel Hawkes and Ryan), Samuel Hawkes, Ryan and Lynch conveyed the entire mine to the Grampian Company.

Sec. 2324, R. S., requires that, upon failure of one of several co-owners to contribute his proportion of the required expenditure, the co-owners who have performed the labor or made the improvements may, at the expiration of the year, give the delinquent co-owners personal notice in writing, or notice in the newspaper published nearest the claim, at least once a week for ninety days, and if, at the expiration of ninety days after such notice in writing, or by publication, such delinquent shall fail or refuse to contribute his proportion of the expenditure required by the section, his interest in the claim shall become the property of his co-owners who have made the required expenditures.

Under the said purchase the Grampian Company applied, July 20, 1881, for patent. It is not objected that its publication of notice thereof, or any of its proceedings in that respect, were irregular; but your decision holds, that as no evidence has been submitted showing in what manner the notice of forfeiture was served upon the delinquent co-owners, or that the delinquent co-owners did not, within the required time, pay their proportionate share of the annual expenditure, the company must show, before issue of patent, the manner of serving the notice, and that the delinquent co-owners did not pay their said proportion.

Sec. 2324, the only statute affecting this question, must be construed in connection with Sec. 2325. Both have reference to the possessory title of an applicant for patent, and the mode of acquiring patent; the latter providing, that if no adverse claim is filed during the period of publication, it shall be assumed that none exists. It would, therefore, seem immaterial, after proceedings under Sec. 2325, whether or not the requirement of Sec. 2324 is complied with to the extent named in your decision; because, if parties have not been properly notified, or have paid their share of assessment work, they must still file their adverse claim under the proceedings contemplated in Sec. 2325. They waive their rights by failure to file such claim. And, upon such failure, the law not only assumes that no such claim exists, but, if the antecedent publication and attendant proceedings have been regular, all that might be set up by suit in Court has been adjudicated in favor of the

applicant. It will therefore assume in the present case that the notice of forfeiture required by Sec. 2324 was not only given as required, but that the delinquent co-owners did not pay their share of the assessment work.

It appears, however, that on November 4, 1881, James M. Graham *et al.* commenced an action against the Grampian Company, involving the latter's right of possession and title to the claim in dispute, but that, as appears from a certificate of the clerk of the proper Court, dated May 2, 1882, there was then no suit or action pending which involved said right to any portion of the Grampian mine, and that there had been no litigation affecting the title to said company to said mine for two years then last past, other than what had been decided in favor of said company. This certificate is filed in lieu of the judgment roll, and is equally satisfactory for the purpose of this proceeding.

I am of the opinion, that, in view of the facts and the law, it is not necessary for the Grampian Company to furnish the proofs required by your decision, but that these matters must be determined in favor of the company by the failure of the objectors to file and prosecute to a favorable issue an adverse claim, as required by Sec. 2325.

I therefore modify your decision, and direct that patent issue to the Grampian Company, as applied for.

The papers transmitted with your letter of July 25, 1882, are herewith returned.　　　Very respectfully,

H. M. TELLER, *Secretary.*

*Britton & Gray,* attorneys for claimants.